IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEVY AULLON FIGUEROA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> § <br> LORIE DAVIS-DIRECTOR TDCJ-CID, § <br> Respondent. § | No. 3:19-cv-02340-D (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Levy Aullon Figueroa, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss Figueroa's petition for failure to exhaust state remedies.

I.

In March 2003, Figueroa pleaded guilty to murder and was sentenced to thirty years' imprisonment. *State of Texas v. Levy Aullon Figueroa*, No. 2-02-465 (382nd Dist. Ct. Rockwall County, Tex., Mar. 5, 2003). He did not appeal. On October 1, 2019, Figueroa filed this § 2254 petition arguing he received ineffective assistance of counsel, and he is entitled to time credits and a "time cut." On March 26, 2020, Respondent filed her answer arguing the petition should be dismissed for failure to exhaust state remedies.

1

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for a writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Further, to exhaust a time credit claim, a petitioner must file an administrative time credit dispute. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010).

Here, Figueroa failed to present his claims to the Texas Court of Criminal Appeals by filing a petition for discretionary review, or by filing a state habeas petition. He also has not alleged that he filed an administrative time credit dispute. He therefore failed to exhaust his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts

will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The Court should dismiss Figueroa's petition without prejudice for failure to exhaust state remedies.

Signed April 20, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).